L. M. BLUMSTEIN REALTY CORPORATION, PETITIONER, *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30353.   Promulgated August 25, 1930.

*George J. Gruenberg, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for respondent.

OPINION.

PHILLIPS: Respondent has determined deficiencies in income tax against petitioner for the fiscal years ending April 30, 1923, 1924, and 1925, in the respective amounts of $1,820.13, $217.54, and $260.01. The error alleged is that respondent has refused to allow depreciation at the rate of 2½ per cent on a building owned by petitioner, situated in New York City and built for and operated as a department store. The building extends from 124th to 125th Street, with a frontage on the former of 160 feet and on the latter of 92 feet 6 inches. It is five stories high and has concrete foundations with walls faced with stone on 124th Street, six elevators, and a slag roof. The building was constructed in different units. Grillage steel beams were used in its construction.

The parties have accepted the costs and the dates the various units were completed as correctly determined by respondent in his deficiency letter. The only issue is the rate to be used in computing the allowance for depreciation. Respondent has allowed a rate of 2 per cent, which petitioner insists is insufficient. Petitioner introduced two witnesses—a bookkeeper, and the architect who superintended the construction of the building. The latter was an architect of long and valuable experience and was thoroughly qualified to testify as to the costs and useful life of the various units, such as foundations, roof, walls, elevators, plumbing, wiring, ventilator and heating systems, and other component parts of the building. He reached the conclusion that an average rate of depreciation in excess of 3 per cent was required.

In view of the testimony and the contentions made by counsel for the parties certain general observations regarding the method of determining a composite rate of depreciation may be justified. In the case of such items as painting and window glass, where removals are charged off as a part of the annual expense and allowed as deductions in computing taxable income, the original cost should be treated as recoverable over the life of the building rather than over the life of the particular item. Where, however, as in the case of elevators, plumbing and heating systems, roof and other items, the

life is less than that of the building and renewals are not charged off as an annual expense, the cost should be treated as recoverable over their useful life. The life of the exterior walls is only one factor to be considered.

The evidence sustains the petitioner's claim for an allowance computed at the rate of 2½ per cent.

*Decision will be entered under Rule 50.*